**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KANEKA CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>COCRYSTAL TECHNOLOGY (JIAXING) CO., LTD. (f/k/a/ SHANGHAI COCRYSTAL PHARMACEUTICAL TECHNOLOGY CO., LTD.), and COCRYSTAL HEALTH INDUSTRY (ZHEJIANG) CO., LTD.<br><br>Defendants. | : | Civil Case No. 1:23-cv-07483<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kaneka Corporation ("Kaneka"), for its First Amended Complaint against defendants Cocrystal Technology (Jiaxing) Co., Ltd. (f/k/a Shanghai Cocrystal Pharmaceutical Technology Co., Ltd.) ("Cocrystal") and Cocrystal Health Industry (Zhejiang) Co., Ltd. ("CHI"; collectively the "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action by Kaneka against Defendants for patent infringement under the patent laws of the United States, Title 35 of United States Code, including 35 U.S.C. § 271.

2. This action arises from Defendants' manufacture, use, offer for sale and sale in the United States of Crystal QH (the "Accused Product"). The Accused Product is a health supplement containing reduced coenzyme $Q_{10}$, which is also known as ubiquinol.

3. The Accused Product directly infringes United States Patent No. 7,829,080 (the "'080 Patent") titled "Stabilization Method of Reduced Coenzyme $Q_{10}$." The '080 Patent was duly issued by the United States Patent and Trademark Office ("USPTO") on November 9, 2010. Kaneka owns the '080 Patent. A true and correct copy of the '080 Patent is attached hereto as Exhibit A.

## THE PARTIES

4. Plaintiff Kaneka is a Japanese corporation with offices located at 1-12-32, Akasaka, Minato- Ku, Tokyo, Japan and 2-3-18, Nakanoshima, Kita-Ku, Osaka, Japan.

5. Upon information and belief, defendant Cocrystal is a Chinese corporation with a principal place of business located at 188 Guigu Six Road, Jiashan, Zhejiang Province, China, and a corporate address at Room 401-165, Building 1, No. 111, Guigu 2nd Road, Luoxing street, Jiashan County, Jiaxing, Zhejiang Province, China (浙江省嘉兴市嘉善县罗星街道归谷二路111号1幢401-165室).

6. Upon information and belief, defendant CHI is a Chinese corporation with a principal place of business located at 188 Guigu Six Road, Jiashan, Zhejiang Province, China, and a corporate address at Building 1, No. 188, Guigu 6th Road, Luoxing Street, Jiashan County, Jiaxing, Zhejiang Province, China (浙江省嘉兴市嘉善县罗星街道归谷六路188号1号楼).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendants because the Defendants have directly infringed and induced infringement within this District by manufacturing the Accused Product and then importing, marketing, and offering to sell the Accused Product within this District to consumers, customers, distributors, resellers, partners and/or end users, and providing instructions, advertising, and/or marketing materials that facilitate, direct or encourage the use of the Accused Product.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because the Defendants have committed acts of infringement in this District and have transacted and transact business in this District.

**BACKGROUND**

10. Kaneka is an international company that manufactures and sells numerous products around the world, including health supplements containing Coenzyme $Q_{10}$ ("$CoQ_{10}$"). $CoQ_{10}$ is a chemical compound that the human body produces naturally. The human body uses $CoQ_{10}$ for, among other things, cell growth and maintenance. The body's ability to produce $CoQ_{10}$ decreases over time, which is why millions of people take $CoQ_{10}$ health supplements daily.

11. For the past forty (40) years, Kaneka has been the premier supplier of $CoQ_{10}$ around the world. During this time, Kaneka has participated in and supported hundreds of clinical studies regarding the functionality and health benefits of $CoQ_{10}$. Through its research and development, Kaneka has ensured that its $CoQ_{10}$ products are safe and effective and satisfy all governmental requirements including United States Food and Drug Administrative ("FDA") regulations governing health supplements.

12. $CoQ_{10}$ takes two forms, oxidized $CoQ_{10}$, also known as ubiquinone, and reduced $CoQ_{10}$, also known as ubiquinol. Ubiquinol has greater bioavailability than ubiquinone. Ubiquinol, however, quickly oxidizes and converts to ubiquinone when exposed to air. Through its research and development, Kaneka developed technology to stabilize ubiquinol so that it does not quickly oxidize when exposed to air. With this technology, Kaneka began manufacturing and selling ubiquinol in the United States in 2007.

13. The USPTO has granted Kaneka over thirty-seven (37) United States patents covering its $CoQ_{10}$ technology and products. Several of these patents, including the '080 Patent, cover Kaneka's ubiquinol technology and products. As a result of Kaneka's patents, Kaneka is the only company that has the legal right to manufacture and sell ubiquinol in the Unites States.

**THE PATENT IN-SUIT**

14. The '080 Patent is directed to a composition containing ubiquinol and a method of making the same composition, comprising either reduced coenzyme $Q_9$ or reduced coenzyme $Q_{11}$, wherein the proportion of ubiquinol relative to other components of the composition is relatively high in terms of weight percentage. The composition stabilizes ubiquinol in that it prevents its oxidation and/or other factors from lowering amounts of ubiquinol in the composition.

15. Claim 5 of the '080 Patent provides:

> 5. A reduced coenzyme $Q_{10}$-containing composition, comprising reduced coenzyme $Q_{10}$ and one or both of (a) and (b): (a) not less than 1.5 wt % to not more than 99 wt % of reduced coenzyme $Q_9$ relative to reduced coenzyme $Q_{10}$, and (b) reduced coenzyme $Q_{11}$, wherein not less than 0.01 wt % of reduced coenzyme $Q_{10}$ is contained in the composition, and wherein the proportion of reduced coenzyme Q10 relative to the total amount of coenzyme $Q_{10}$ is not less than 90 wt %.

16. Claim 15 of the '080 Patent provides:

> 15. A method for producing a reduced coenzyme $Q_{10}$-containing composition, which method comprises providing a composition comprising oxidized coenzyme $Q_{10}$ with one or both of oxidized coenzyme $Q_9$ and oxidized coenzyme $Q_{11}$, and then reducing oxidized coenzyme $Q_{10}$ and reducing one or both of oxidized coenzyme $Q_9$ and oxidized coenzyme $Q_{11}$ to prepare the reduced coenzyme $Q_{10}$-containing composition wherein the composition comprises reduced coenzyme $Q_{10}$ and one or both of (a) and (b): (a) not less than 1.5 wt % to not more than 99 wt % of reduced coenzyme $Q_9$ relative to reduced coenzyme $Q_{10}$, and (b) reduced coenzyme $Q_{11}$, wherein not less than 0.01 wt % of reduced coenzyme $Q_{10}$ is contained in the composition, and wherein the proportion of reduced coenzyme $Q_{10}$ relative to the total amount of coenzyme $Q_{10}$ is not less than 90 wt %.

## DEFENDANT'S INFRINGING ACTS

17. In July 2022, Defendants offered to sell the Accused Product to Tishcon Corporation ("Tishcon"), a New York Corporation located at 50 Sylvester Street, Westbury, New York 11590, for $600 per kilogram. At the time, Defendants provided Tishcon product specifications, a certificate of analysis, and a marketing deck for the Accused Product. True and correct copies of these documents are attached hereto as Exhibits B, C and D.

18. Defendants also provided Tishcon samples of the Accused Product in packages with Defendants logo and depicted below:




19. On October 6, 2022, Kaneka analyzed the samples Defendants provided to Tishcon and determined the Accused Product contained a composition containing 86.2% reduced coenzyme $Q_{10}$. Kaneka further determined that the Accused Product contained a composition wherein the proportion of reduced coenzyme $Q_{10}$ relative to the total amount of coenzyme $Q_{10}$ was 93.1%. Kaneka further determined that the Accused Product contained both reduced coenzyme $Q_9$ and reduced coenzyme $Q_{11}$. A true and correct copy of Kaneka's analysis report of Defendants' samples is attached hereto as Exhibit E.

20. In April 2023, Defendants attended the Supply Side East tradeshow at the Meadowlands Exposition Center in Secaucus, New Jersey ("Tradeshow") as an exhibitor. At the Tradeshow, Cocrystal approached multiple vendors, including Tishcon, regarding the Accused Product. At the Tradeshow, Defendants offered to sell Tishcon the Accused Product for between $400 and $600 per kilogram. Defendants provided Tishcon with a marketing brochure and a letter of indemnification indemnifying Tishcon and all other purchasers of the

Accused Product from liability for patent infringement. True and correct copies of these documents are attached hereto as Exhibits F and G. Defendants also provided Tishcon samples of the Accused Product.

21. On June 12, 2023, Kaneka analyzed the samples Defendants provided to Tishcon and determined the Accused Product contained a composition containing 86.5% reduced coenzyme $Q_{10}$. Kaneka further determined that the Accused Product contained a composition wherein the proportion of reduced coenzyme $Q_{10}$ relative to the total amount of coenzyme $Q_{10}$ was 95.8%. Kaneka further determined that the Accused Product contained both reduced coenzyme $Q_9$ and reduced coenzyme $Q_{11}$. A true and correct copy of Kaneka's analysis report of Defendants' samples is attached hereto as Exhibit H.

22. On July 11, 2023, Defendants advertised the Accused Product in an electronic newsletter by NutraIngredients USA. A true and correct copy of the advertisement is attached hereto as Exhibit I. The electronic advertisement permitted the reader to click a "Learn More" button, which directed the reader to www.cocrystaltech.com/Crystal2.html, which is Defendants' webpage discussing the Accused Product. The webpage includes, *inter alia*, how the Accused Product compares to "the current ubiquinol market leader," and invites one to contact ja@cocrystaltech.com for more information about or for samples of the Accused Product.

23. On October 5, 2023, Kaneka filed the Complaint in this action. Kaneka provided copies of the Complaint to Cocrystal by email and overnight mail and demanded Cocrystal cease and desist its infringement of the '080 Patent. Despite Kaneka's Complaint and demand, Cocrystal attended the Supply Side West trade show in Las Vegas, Nevada from October 23,

2023 to October 27. At the trade show, Cocrystal offered to sell Crystal QH to customers and marketed Cocrystal QH as a direct competitor to Kaneka and its patented Ubiquinol products. Photographs of Cocrystal's booth and marketing materials at the trade show are shown below.














11242122.6

24. Cocrystal, through its attendance at the trade show after notice of the Complaint, interaction with Kaneka's suppliers and its understanding of Kaneka's ubiquinol patent portfolio, has knowledge of the '080 patent and has knowingly contributed to the direct infringement of one or more claims of the '080 patent by offering to sell, selling, and/or importing directly or indirectly to others, such as other distributors and other end users, one or more components of the Accused Product, which constitute a material part of the '080 patent's invention, all while knowing, or being willfully blind to, the fact that those components are products made or adapted for use in an infringement of the '080 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**COUNT I**

(Direct Infringement)

25. Kaneka incorporates each of the preceding paragraphs as if fully set forth herein.

26. Defendants have been, and are now, directly infringing claims 5 and 15 of the '080 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C § 271(a) by making, using, offering for sale, and/or selling in the United States the Accused Product.

27. Kaneka's analysis reports attached hereto as Exhibits E and H show tests by Kaneka of the samples of Accused Product sold and/or offered for sale by Defendants to Tishcon. The results of Kaneka's test show that the Accused Product is

> a reduced coenzyme $Q_{10}$-containing composition, comprising reduced coenzyme $Q_{10}$ and one or both of (a) and (b): (a) not less than 1.5 wt % to not more than 99 wt % of reduced coenzyme $Q_9$ relative to reduced coenzyme $Q_{10}$, and (b) reduced coenzyme $Q_{11}$, wherein not less than 0.01 wt % of reduced coenzyme $Q_{10}$ is contained in the composition, and wherein the proportion of reduced coenzyme Q10 relative to the total amount of coenzyme $Q_{10}$ is not less than 90 wt %.

Defendants thereby directly infringe claims 5 and 15 of the '080 Patent.

28. Even after receipt of emails from Kaneka related to the October 5, 2023, Complaint, Cocrystal, with full knowledge of the Complaint, attended the Supply Side West trade show in Las Vegas and offered to sell the Accused Product. Cocrystal's infringing acts are therefore willful in nature.

29. Defendants have been and are aware of, or have been and are willfully blind to, the existence of the '080 Patent. Defendants understood the extent of Kaneka's patent portfolio directed to ubiquinol, which is evident from, among other things, Defendants' marketing materials and Defendants' correspondence with Tishcon. Despite Defendants' knowledge of Kaneka's patent portfolio, in which the '080 patent is easily searchable, Defendants have been, and are now, continuing marketing and offering for sale the Accused Product, and are therefore committing direct infringement willfully.

30. As a consequence of Defendants' infringement of the '080 patent, Kaneka has suffered, is suffering, and will continue to suffer, damages in an amount not yet determined, but no less than a reasonable royalty.

**COUNT II**

(Induced Infringement)

31. Kaneka incorporates each of the preceding paragraphs as if fully set forth herein.

32. Defendants have been, and are currently, inducing infringement of the '080 Patent in violation of 35 USC § 271(b) by knowingly encouraging and aiding at least Tishcon to make, use, sell or offer to sell the Accused Product in the United States which directly infringes the '080 Patent.

33. As a consequence of Defendants inducing infringement of the ‘080 patent, Kaneka has suffered, is suffering, and will continue to suffer, damages in an amount not yet determined, but no less than a reasonable royalty.

## PRAYER FOR RELIEF

**WHEREFORE**, Kaneka requests the following relief:

a. A judgment that Defendants have directly infringed the ’080 Patent;

b. Declaring that Defendants have willfully infringed one or more claims of the ’080 Patent;

c. Damages from Defendants adequate to compensate for Defendants’ infringement but, in no event, less than a reasonable royalty for past and future infringing sales;

d. An award of Kaneka’s costs and expenses in this action,

e. Finding the Defendants’ infringement to be willful and awarding enhanced damages in an amount to be treble the amount of compensatory damages as justified under 35 U.S.C. 284;

f. Entry of a permanent injunction, pursuant to 35 U.S.C. § 283 enjoining each of the Defendants, and all of their respective agents, servants, officers, directors, employees, and all other persons acting in concert with them, directly or indirectly, from any further acts of infringement.

g. Such further and other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Kaneka hereby demands trial by jury on all claims and issues so triable.

Dated: November 16, 2023

CARTER LEDYARD & MILBURN LLP

By: *<u>/s/ Gerald W. Griffin</u>*
Gerald W. Griffin
Jodutt M. Basrawi
Nilima M. Singh

28 Liberty Street, 41st Floor
New York, New York 10005
Tel. 212-732-3200
Email: griffin@clm.com
basrawi@clm.com
singh@clm.com

Attorneys for Plaintiff
KANEKA CORPORATION