**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

KANEKA CORPORATION

Plaintiff,

-against-

COCRYSTAL TECHNOLOGY (JIAXING) CO., LTD. (f/k/a SHANGHAI COCRYSTAL PHARMACEUTICAL TECHNOLOGY CO., LTD.) and COCRYSTAL HEALTH INDUSTRY (ZHEJIANG) CO., LTD.

Defendants.

Case No. 1:23-cv-07483-NCM-SJB

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to the Parties' stipulation, and good cause appearing therefor, the Court makes the following findings and enters the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## 1. INTRODUCTION

1.1 Purposes and Limitations.

Disclosure and discovery activity in this Action (defined below) are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties have stipulated to and petitioned the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the E.D.N.Y. Administrative Order No. 2004-05 and the Individual Practice Rules of Judge Natasha C. Merle, Rule I.B. sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1.2 Good Cause Statement.

This Action is likely to involve trade secrets, customer and pricing lists and other valuable research, design, development, marketing, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information

regarding confidential business practices, or other confidential research, design, marketing, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Specifically, information such as proprietary technical documents and information, design specifications, design drawings, product development documents, sales volumes, sales units, costs of goods sold, price structures, business costs, profit margins, marketing strategies, customer lists, confidential agreements with third parties, and competitive business plans may need to be disclosed only to a Party's outside counsel due to the potential for competitive harm.

Accordingly, to expedite the flow of information and items, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Action, and to serve the ends of justice, a protective order for such information is justified in this matter. To adequately protect information the Parties are entitled to keep confidential and to prevent competitive harm two tiers of confidentiality designations, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," are required. It is the intent of the Parties that information and items will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 Action: this pending federal lawsuit, *i.e.*, *Kaneka Corporation v. Cocrystal Technology (Jiaxing) Co., Ltd., et al*, Case No. 1-23-cv-07483 (E.D.N.Y.).

2.2 Challenging Party: a Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that a Designating Party believes, in good faith, qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record (as well as their support staff) and In-House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 Final Disposition: the later of (1) dismissal of all claims in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law, or, if no appeal is taken, when the time for filing of an appeal has run.

2.9 “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” Information or Items: “‘CONFIDENTIAL’ Information or Items” (defined above) that is considered to be extremely sensitive by the Designating Party who holds a good-faith belief that the disclosure of such “‘CONFIDENTIAL’ Information or Items” to another Party or Non-Party would create a substantial risk of competitive harm that could not be avoided by less restrictive means, including but not limited to trade secret or other confidential research and development, financial, or other commercial information.

2.10 In-House Counsel: attorneys who are employees of a Party, Legal Department employees of the Parties, or one in-house counsel, Mr. Kuwahata, for Kaneka Americas Holding, Inc. Such individuals shall be identified in advance, before receipt of any Confidential Information, with an opportunity of the opposing party to object if such individuals are engaged in business, non-legal, or competitive decision-making activities.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and include their support staffs.

2.13 Party: any party named as a party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel (and their support staff), Outside Counsel of Record (and their support staff).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

This Protective Order shall apply to all Protected Material (as defined above), regardless of the medium or manner in which it is generated, stored, or maintained, that is produced, disclosed or generated either by a Party or Non-party in connection with discovery or Rule 26(a) disclosures in this Action. The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties that might reveal Protected Material or items that have been designated in accordance with the procedures set forth herein.

However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information or items that are in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information or items known to the Receiving

Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information or items lawfully and under no obligation of confidentiality to the Designating Party.

Nothing in this Protective Order shall (i) affect the right of the Producing Party to disclose or use its own Protected Material for any purpose, or (ii) prevent or otherwise restrict Counsel from rendering legal advice to their client and in the course thereof, relying on the Protected Material, provided, however that in relying on such Protected Material, Counsel shall not disclose, reveal, or describe the content of any Protected Material except insofar as allowed, if at all, under the terms of this Protective Order.

Any use of Protected Material at trial shall be governed by a separate agreement or order and other applicable authorities. Counsel for Parties will work together to discuss how to handle Protected Material that is to be presented at hearings or at trial. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Even after Final Disposition of this Action, the confidentiality obligations and protections of this Protective Order shall remain in effect until all Designating Parties agree otherwise in writing or a court order otherwise directs. The United States District Court for the Eastern District of New York shall retain jurisdiction for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Disclosure or Discovery Material (as defined above) for protection under this Order shall exercise restraint and must take care to limit any such designation to specific information or items that qualify under the appropriate standards. To the extent it is practical to do so, the Designating Party

must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Designation in conformity with this Order requires the following:

a) *for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings)*, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b) *for information produced in Native form*: Disclosures or Discovery Materials that is produced in native electronic format shall be designated by

appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format. If such Disclosure or Discovery Material are printed, such as for use at a deposition or in a court proceeding, the party printing the materials shall label or mark each page of the printed materials with the designation of the electronic file.

c) *for information produced in some form other than documentary and for any other tangible items*, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

d) *for materials made available for inspection,* a Party or Non-Party that makes materials available for inspection need not designate them for protection until after the initial inspection and after the inspecting Party has indicated which materials it would like copied or photographed and produced. For purposes of the initial inspection, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only persons authorized under the terms of this Order to receive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are permitted to inspect the materials made available for inspection.

After the inspecting Party has identified the materials that it wants copied, photographed, and/or videoed and produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order. Then,

before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

e) *for testimony given in deposition or in other pretrial proceedings*, that the Designating Party identify on the record, before the conclusion of the deposition, hearings, or other proceeding, all Protected Material and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in this paragraph shall contravene the Court's practices, procedures, and orders regarding the designation and treatment of Protected Information during hearings, pretrial proceedings, or trial.

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as**

**appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.** Nothing in this paragraph shall contravene the Court's practices, procedures, and orders regarding the designation and treatment of Protected Information during hearings, pretrial proceedings, or trial.

f) *Information obtained through Written Discovery*

Written discovery responses and information contained therein shall be designated by means of a statement specifying the level of designation prior to each response that contains Protected Material or any other means of identifying the designation level of a particular response(s). Moreover, the title page of such written discovery responses shall also include an obvious legend indicating that the response contains Protected Material.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information, transcripts, or items, or an inadvertent failure to identify confidential testimony on the record at a deposition, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

Any information or items that are inadvertently produced or disclosed without a designation or are inadvertently produced or disclosed under-or over-designated may be corrected by the Producing Party providing written notice to Counsel for the Receiving Party, and the Receiving Party shall thereafter treat that information or items as properly designated. Within five (5) business days of such written notice,

the Producing Party shall produce to the Receiving Party replacement copies of the information or items with the proper designation and such information or items shall be protected under this Protective Order as if it had been initially so designated.

Upon timely correction of a designation, the Designating Party and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order., including efforts to assure that the material is affixed with the proper legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time through Final Disposition of this Action. Unless a prompt challenge to a confidentiality designation is necessary to avoid a foreseeable, substantial and unnecessary burden on a Party or a significant disruption or delay in litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A Party's failure to challenge a confidentiality designation is not an admission, and is not evidence, that Protected Material qualifies for the designation given by the Designating Party.

6.2 Written Notice. Any challenge to a confidentiality designation (i) shall be in writing, (ii) shall be served on Counsel of the Designating Party, (iii) shall particularly identify the information or items (including page numbers as appropriate) that the Challenging Party alleges should be differently designated, and (iv) shall describe the basis for each challenge.

6.3 Meet-and-Confer. Within seven (7) business days of service of the written notice, the Parties shall confer in an attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). In conferring, the

Designating Party must review the designated material being challenged, consider the basis for the challenge, and, if no change in designation is offered, to explain the basis for the chosen designation.

A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or the Designating Party failed to timely participate in the meet-and-confer process in a timely manner as required by Local Rule 37.3(a).

6.4 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, either Party may seek resolution from the Court in accordance with the Local Rules and the Court's procedures governing discovery disputes. For purposes of moving forward with the challenge to the confidentiality designation, it is the responsibility of the Challenging Party to timely file the moving papers required by Local Rule 37.3(c) and fulfill any applicable pre-filing requirements imposed by the Court.

6.5 Burdens and Status of Confidentiality Designation Pending a Challenge.

During the meet-and-confer stage described in Section 6.2 above, the original designation of the material being challenged shall continue to apply, unless and until the Designating Party agrees to withdraw or change the challenged designation in accordance with the Challenging Party's request. A Designating Party's failure to respond to the written notice or failure to meet-and-confer shall not, in itself, remove or lower the original confidentiality designation of the material being challenged. Such failure, however, shall be a consideration during the judicial intervention stage described in Section 6.3.

During the judicial intervention stage described in Section 6.3, the Challenging Party shall bear the burden of presenting the challenge to the Court. Frivolous challenges and those made for an improper purpose (e.g., to harass or

impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

The burden of persuasion shall be on the Designating Party to prove that the challenged material is entitled to protection. A Designating Party's failure to respond to the Challenging Party's presentment or failure to otherwise carry its burden of persuasion shall not operate to remove or lower the original confidentiality designation of the challenged material before the Court rules on the challenge. In case of an appeal (including reconsideration), the original designation of the challenged material shall be maintained until the appeal (or reconsideration) is decided.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action is finally disposed, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) In-House Counsel of the Receiving Party (no more than three persons) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), a copy of which will be provided to Opposing Counsel, before being disclosed the "CONFIDENTIAL" information or item;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), a copy of which will be provided to Opposing Counsel, before being disclosed the "CONFIDENTIAL" information or item, and the Experts' supporting personnel;

(d) the Court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), a copy of which will be provided to Opposing Counsel, before being disclosed the "CONFIDENTIAL" information or item;

(g) during their depositions, witnesses in the Action and attorneys for such witnesses to whom disclosure is reasonably necessary provided that the witness is an officer, director, Rule 30(b)(6) designee, or employee of the Designating Party, a person who is reasonably believed to be an author or recipient of the "CONFIDENTIAL" information or who reasonably appears to have knowledge relating thereto, or a consultant or expert retained on behalf of the Designating Party

for this Action who has signed Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions shall be treated in accordance with Section 5;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any mediator or settlement officers and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) and their employees, of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before being disclosed the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item, and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters, stenographers, videographers, and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before being disclosed the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officers and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3 first must make a written request to the Designating Party that includes (i) the full name of the Expert and the city and state of his or her primary residence, (ii) the present employer and title of the person; (iii) a copy of the Expert's current resume, (iv) identifies the Expert's current employer(s), (v) the persons or entity(ies) with whom the Expert has consulted, including in connection with a litigation the name and number of the case, filing date, and location of court and including through a declaration, report, or testimony at a deposition or trial, during the preceding four years, but excluding legal consulting roles whose existence is protected from disclosure under the attorney work-product doctrine; (vi) any past employment or consulting work of the Expert in the area of $CoQ_{10}$ or other dietary supplements, and (vii) a signed copy of Exhibit A.

(b) A Party that makes a request and provides the information specified in the preceding paragraph 7.4(a) may disclose the subject Protected Material to the identified or Expert unless, within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must be in good faith and set forth in detail the grounds on which it is

based. In the absence of any objection at the end of the five (5) business day period, the expert or consultant shall be deemed approved under this Agreement. There shall be no disclosure of Protected Material to the Expert prior to the expiration of this five (5) business day period absent express consent from the non-Designating Party.

(c) A Party that receives a timely written objection shall initiate the dispute resolution process under Local Rule 37.3(a) *et seq*. and must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within five days of the written objection. If no agreement is reached, within 14 days of the last conference, either Party may seek resolution from the Court in accordance with the Local Rule and the Court's procedures governing discovery disputes. For purposes of moving forward with the challenge to the confidentiality designation, it is the responsibility of the Challenging Party to timely file the moving papers required by Local Rule 37.3(c) and fulfill any applicable pre-filling requirements imposed by the Court.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. Confidential Information shall not be disclosed to the expert or consultant until the objection is resolved or if no motion is filed within the 14-day period.

**8. PATENT PROSECUTION BAR**

Absent consent of the Producing Party and/or further order of this Court, from the date of this Protective Order forward, any person who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information according to Section 7 of this Order (a "Recipient"), shall not be involved, on behalf of any Party or Non-Party, in the preparation or prosecution of any patent applications having claims materially related to the confidential subject matter of the received "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, or in amending, crafting, or drafting of such patent claims during post-grant proceedings, including *inter partes* review proceedings, post-grant review proceedings, and covered business method review proceedings, reissue, or *ex parte* reexamination before the U.S. Patent & Trademark Office, or corresponding proceedings before any foreign patent authority, for a period of two years from the close of fact discovery in this Action. A Recipient, however, shall not be precluded from otherwise participating on behalf of the Receiving Party in any such post-grant proceedings including *inter partes* reviews, or any appeals thereof, subject to the limitations of this paragraph. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party in a proceeding in which the validity of a patent is challenged before a domestic or foreign agency (including, but not limited to, *inter partes* review or post grant review). In addition, and notwithstanding the above, Keith D. Nowak of Carter Ledyard & Milburn LLP shall not receive any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information for the duration of this Action, including any applicable appeals and is thus not subject to the limitations of this paragraph.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Receiving Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not disclose any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

10.1 Application. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2 Notification. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

10.3 Conditions of Production. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party or a Producing Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The Parties have agreed that, in this lawsuit, they do not intend to disclose privileged information. Pursuant to Federal Rule of Evidence 502(d) and 28 U.S. Code § 1738, any disclosure of privileged information ("Disclosed Privileged Information") shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter.

Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

Any party receiving materials that reasonably appear to be privileged information shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

Within five (5) business days of receiving such a request, a Receiving Party

shall return to the Producing Party, or certify the destruction of, all Disclosure or Discovery Material identified by the Producing Party as being protected by a privilege and/or immunity and inadvertently produced. A Receiving Party shall not utilize or disseminate the information contained in the inadvertently produced Disclosure or Discovery Material for any purpose, except for contesting the claimed privilege or immunity.

If the Receiving Party wishes to contest the claimed privilege or immunity, the Receiving Party shall provide written notice thereof to the Producing Party within five (5) business days of receipt of the notice of disclosure. The Receiving Party may retain one (1) copy of each Disclosure or Discovery Material at issue, but any such retained copies shall be sequestered and shall not be used for any purpose except to meet and confer with the Producing Party regarding the claimed privilege or immunity and/or to the present information to the Court for a determination regarding the claimed privilege or immunity.

Rule 502. Federal Rule of Evidence ("FRE") 502(b) is inapplicable to Disclosed Privileged Information, which shall receive the maximum protection afforded by FRE 502(d). Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

**13.MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Individual Practice Rule I.B. of Judge Natasha C. Merle and all Court orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.FINAL DISPOSITION**

Within 60 days after the Final Disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy (at the Receiving Party's option) such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

(DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

By: /s/ Gerald W. Griffin

**CARTER LEDYARD & MILBURN LLP**
Gerald W. Griffin
Leonardo Trivigno
Nilima M. Singh
Meredith B. Spelman
Jodutt M. Basrawi
Nathan D. Harp

Attorneys for Plaintiff

By: /s/ Gary M. Hnath

**MAYER BROWN LLP**
Gary M. Hnath
Jing Zhang
Ryan T. Babcock
Jessica A. Lehrman

Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:

HON. SANKET J. BULSARA
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________________ [print or type full name], of _________________________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of New York on ____________ [date] in the case of *Kaneka Corporation v. Cocrystal Technology (Jiaxing) Co., Ltd., et al*, Case No. 1-23-cv-07483 (E.D.N.Y.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ____________________________ [print or type full name] of _____________________________________________ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order. Alternatively, I agree that such service of process may be served upon me by sending it by email to and/or mail to ___________________________________________________ [mailing address].

Email address: ______________________________________________________

Date: ______________________________________________________

City and State where sworn and signed: ______________________________________________________

Printed name: ______________________________________________________

Signature: ______________________________________________________